## Case No. 6,561a.

### HODGE v. PLOTT.

[Hempst. 14.][1]

Superior Court, Territory of Arkansas. April, 1822.

SECURITY ON APPEAL BOND—LIABILITY.

1. In an appeal from a justice under the act of 1818 [Acts Ark. 1818, p. 27], the security in the appeal bond is equally subject to judgment with the appellant when the judgment is affirmed, or on a trial de novo a judgment is rendered against the appellant; but if the adverse party takes judgment against the principal only, it is irregular to sue out a scire facias against the security with a view to obtain an execution against him, for there must be a judgment for the scire facias to rest on.

2. The security is not bound to pay until it legally appears that the principal is unable to pay.

Appeal determined before JOHNSON, SCOTT, and SELDEN, JJ.

OPINION OF THE COURT. Daniel Plott recovered a judgment against William Harris, before a justice of the peace, for the sum of sixty-eight dollars and twelve cents debt, and one dollar and twelve cents costs, from which judgment Harris appealed to the court below, and entered into a bond with Arch Hodge, security, conditioned in substance that Harris should prosecute his appeal, and if Plott should recover more than the amount of the judgment of the justice, that said Harris, defendant, should pay the amount of such judgment and costs of suit. The court below rendered a judgment against Harris for sixty-six dollars and twelve cents debt, and seven dollars and thirty-seven cents damages, but no judgment was taken against Hodge as security. Upon this judgment, execution was issued against Harris, and at the same time a scire facias was sued out against Harris and Hodge to show cause why execution should not issue against them on the above-mentioned bond, and a judgment was rendered by the court below against Hodge ·for the above debt, and four dollars and ninety-five cents damages, with costs, from which Hodge appealed to this court. We are of opinion that the scire facias was improvidently issued as to Hodge, inasmuch as there was no judgment against him whereon it could rest, as by the statute there must have been, in order to entitle the plaintiff to execution. The law is, that in "all cases of appeals or certiorari from justices of the peace, by virtue of existing laws on those subjects, if the

[1] [Reported by Samuel H. Hempstead, Esq.]

judgment of the justice be affirmed, or judgment given on a trial upon the merits de novo in the circuit court, judgments shall be given and execution issue, not only against the original defendant or defendants in the suit before such justice, but also against his or their security or securities in the appeal bond or bonds to prosecute such certiorari." Acts 1818, p. 27. Now, although the law is that judgment shall be entered against the security as well as the principal, yet it is plain that this provision being for the benefit of the plaintiff, he may waive it, and may make his election and take judgment against the principal only. This was done in this case, and afterwards an execution could not be obtained against the security in a summary manner by scire facias. It is a different suit and between different parties, and does not come within the purview of the statute. Besides, if there had been a joint judgment in the first instance, still the security would not be bound to pay until it legally appeared that the principal was unable and could not pay, and nothing of this kind has been shown. Reversed.